IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KRISTINA OLIPHANT,
    #38946-177,
    Petitioner,

v.                              Case No. 5:25cv185/TKW/MAL

WARDEN GABBY, et al.,
    Respondents.
_____/

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Kristina Oliphant [1] is an inmate at the Federal Correctional Institution in Marianna Florida with a projected release date of July 30, 2026. The original petition for writ of habeas corpus was mailed to the Court by another inmate, and possibly signed by that other inmate,[2] claiming to be acting on Petitioner's behalf. ECF Nos. 1 at 23 and 1-1.

---

[1] Inmate Oliphant previously filed a habeas case in the District of Arizona under what appears to be the inmate's legal name, Christopher Lynn Oliphant. See https://www.bop.gov/inmateloc/; *Oliphant v. United States*, Case 5:25cv100/AW/MAL. The case was transferred to this district and dismissed on October 11, 2025 for failure to prosecute. Because this case was filed using the name "Kristina," the Court will use that name in this Order, but will direct the Clerk to mail the Order to Oliphant using Oliphant's legal name with the Bureau of Prisons to ensure its delivery.

[2] The signature on the petition in the Arizona case is dissimilar to the signatures on the documents in this case. *Compare* Case 5:25cv100/AW/MAL, ECF No. 1 at 3; *and* Case 5:25cv185/TKW/MAL, ECF No. 1 at 6, 10, 22.

On July 28, 2025, the Court directed Petitioner to (1) file an amended petition and two service copies, and (2) pay the $5.00 filing fee or file an application to proceed in forma pauperis. ECF No. 6. Alternatively, Petitioner was instructed to file a notice of voluntary dismissal if she did not wish to pursue this case. Petitioner was given a deadline of August 29, 2025, to comply, and she was warned that a failure to timely respond to a Court Order could result in a recommendation that this case be dismissed. The filing fee was paid, but Petitioner did not file an amended petition.

On September 9, 2025, the Court issued an order directing Petitioner to show cause, in writing and filed in this case, by September 23, 2025, why this case should not be dismissed due to her failure to comply with the Court's order regarding the submission of an amended petition and two service copies. ECF No. 8. She was again warned that failure to timely respond to the Court's order would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including

dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is ORDERED:

The Clerk of Court is directed to send a copy of this Report and Recommendation to Petitioner, using the name Christopher Lynn Oliphant, Inmate Reg. No. 38946-177.

And, it is respectfully RECOMMENDED:

1.    Petitioner's petition under 28 U.S.C. § 2241, ECF No. 1, be **DISMISSED** without prejudice for her failure to comply with an order of the Court.

2.    The clerk be directed to close the case file.

Done on September 29, 2025.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

The case was referred to a United States Magistrate Judge for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.